## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

**ASHLEY BROOKE KOHLER,**
**as administrator of the estate of**
**JONATHEN BLAKE KOHLER,**
**deceased,**

**Civil Action No:** 1:21CV28

**JURY DEMANDED**

     **Plaintiff,**

**v.**

CLERK'S OFFICE U.S. DISTRICT COURT
AT ABINGDON, VA
FILED

**JONATHAN RICHARD BROWN**
   **Defendant.**

JUN 16 2021

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

## COMPLAINT

**COMES NOW** the Plaintiff, **ASHLEY BROOKE KOHLER**, as the

administrator of the estate of **JONATHEN BLAKE KOHLER** deceased, by

counsel, and for cause of action against the Defendant, **JOHNATHAN**

**RICHARD BROWN**, would show this Honorable Court as follows:

### Introduction

1.    This cause of action arises out of Jonathen Blake Kohler's March 30,

2021 death, occurring in the early morning hours at the Roadway Inn (now

renamed "Travel Inn") upper parking lot near the intersection of Euclid Avenue

and Gate City Highway in the City of Bristol, Virginia.

2.    This cause of action is for compensatory and punitive money damages

brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of state

law of Mr. Kohler's clearly established rights as secured by the Fourth and

Fourteenth Amendments to the United States Constitution. This action is also for

1

compensatory and punitive damages brought under Virginia Code §8.01-50 for the wrongful death of Mr. Kohler.

## Jurisdiction and Venue

3.    Pursuant to 42 U.S.C. §§1331 and 1343, this Court has subject matter jurisdiction in this case as to the 42 U.S.C. §§1983 and 1988 claims made herein against the Defendant.

4.    This Court has pendent and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5.    Venue is proper in this Court under 28 U.S.C. §1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the Western District of Virginia.

## The Parties

6.    The Plaintiff is **ASHLEY BROOKE KOHLER** ("Ms. Kohler"), as administrator of the estate of **JONATHEN BLAKE KOHLER** ("Mr. Kohler"), deceased.  Ms. Kohler was duly appointed administrator by the Circuit Court for the City of Bristol, Virginia on May 10, 2021 pursuant to section 8.01-50 of the Code of Virginia.  On June 14, 2021, Ms. Kohler was additionally duly appointed administrator pursuant to section 64.2-454 of the Code of Virginia.  A copy of her June 14, 2021 Certificate/Letter of Qualification is attached as Ex. 1 to this Complaint.  Ms. Kohler is a United States citizen and resident of Sullivan County, Tennessee.  At all relevant times up until the time of his death on March 30, 2021,

2

Mr. Kohler was a United States citizen and resident of Sullivan County, Tennessee. Mr. Kohler and Ms. Kohler divorced in 2017. Their two minor children are Mr. Kohler's sole next-of-kin and beneficiaries of his estate.

7.     The Defendant, **JOHNATHAN RICHARD BROWN**, is a resident of Sullivan County, Tennessee, and at all times pertinent to this cause of action, was acting under color of state law as a duly appointed and sworn police officer in the employment of the Bristol Virginia Police Department ("BVPD"), a department of the City of Bristol, Virginia, a municipality organized and existing under the laws of the Commonwealth of Virginia.

## Count I -42 U.S.C. §1983

8.     The Plaintiff incorporates herein the allegations of paragraphs 1 through 7 above.

9.     In the early morning of March 30, 2021, the Defendant and other BVPD officers were dispatched as a result of 911 calls of citizens hearing gunshots from the location of the rear upper parking lot and rooms of the Roadway Inn near the intersection of Euclid Avenue and Gate City Highway in the City of Bristol, Virginia. Based on information from one 911 caller, the dispatcher advised the Defendant and other responding officers to look for a suspect driving a gray or silver pickup truck the caller saw leaving the rear upper parking lot.

10.     The Defendant and three other officers arrived at the Roadway Inn rear upper parking lot, parked their police vehicles near the only entrance/exit to

3

the upper parking lot, got out on foot, firearms drawn, and observed a red 1994

Ford Mustang sedan beginning to back out of a parking space facing the first floor

Roadway Inn room number 135 located nearer to the rear of the lot.

11.     As the red Mustang continued to back out, the Defendant and other

officers approached and one of the officers requested the driver to stop. Mr. Kohler

was the driver of the Mustang, and there were no passengers in the Mustang.  Mr.

Kohler complied and stopped. The officer came to the driver's side window. Mr.

Kohler then partially lowered his driver's side window.  The officer asked Mr.

Kohler to show the officer his operator's license. Mr. Kohler complied and handed

the officer his operator's license through the window opening. The Defendant left a

position of safety and took a standing position several feet in front of the Mustang,

partially blocking with his body what would be the Mustang's path to the exit.  The

Defendant raised his rifle and trained his rifle sight on the Defendant while the

other officer inspected Mr. Kohler's license with a flashlight.  The officer then

handed Mr. Kohler's license back to him and requested that he exit the vehicle.

Mr. Kohler declined, informed the officer he was leaving, and began to very

slowly roll the Mustang a few feet forward without endangering the Defendant or

anyone else, allowing the Defendant to step out of the way.  The officer who was

still at the driver's side window began banging on the window.  The Defendant,

rather than step out of the way, targeted Mr. Kohler with his rifle and opened fire.

The Defendant discharged several rounds.  Some or all of the rounds pierced the

driver's side windshield striking Mr. Kohler in the head and neck.   No other

officers discharged their firearms. The Mustang then slowly rolled, veered right,

and collided into a vehicle parked in the row of vehicles across from the row facing

the motel rooms.  Mr. Kohler died at the scene as a result of the gunshot wounds to

his head and neck.

12.     Neither the Defendant and/or the officers present attempted to arrest

Mr. Kohler prior to the Defendant shooting and killing Mr. Kohler.

13.     Mr. Kohler did not at any point physically or verbally threaten the

Defendant or other officers present.

14.     The Defendant had no knowledge of any information to reasonably

believe that Mr. Kohler was armed, violent, or potentially dangerous.

15.     The Defendant initially told Virginia State Police (VSP) investigators

that he used deadly force because Mr. Kohler was driving towards him and other

officers at a high rate of speed endangering them.  The Defendant's narrative to the

VSP was false, and he knew it was false.

16.     The conduct of the Defendant identified and described herein

constituted excessive and deadly force and an unlawful "seizure" of Mr. Kohler in

violation of the Fourth Amendment of the United States Constitution, and clearly

established law.

17.     At all material times, the Defendant was acting under color of state law, within the scope of his employment and authority as a duly-certified law enforcement officer of the City of Bristol, Virginia.

18.     At all material times, the Defendant did not have reason to believe that Mr. Kohler was armed and dangerous.

19.     At all material times, the Defendant did not have a reasonable fear of imminent bodily harm, nor did the Defendant have a reasonable belief that any other person was in danger of imminent bodily harm from Mr. Kohler.

20.   At all material times, any fear the Defendant had of bodily harm was the direct result of unreasonably placing himself in harm's way in front of the Mustang.

21.     Every reasonable officer would have known that using deadly force under the circumstances described herein constitutes excessive force in violation of the Fourth Amendment.

22.     The Defendant's use of deadly force against Mr. Kohler under the circumstances described herein was objectively unreasonable and violated clearly established law.

23.     The Defendant's use of deadly force against Mr. Kohler under the circumstances was objectively unreasonable and violated established law also because it unreasonably endangered his fellow officer who was at the driver's side

6

window when the Defendant was shooting at Mr. Kohler through the driver's side windshield.

24.     As a proximate result of the Defendant's unjustified, excessive, illegal, and deadly use of force, Mr. Kohler experienced conscious pain and suffering.

25.     As a proximate result of the Defendant's unjustified, excessive, illegal, and deadly use of force, Mr. Kohler died.

26.     As a direct and proximate result of the acts and omissions described herein, Mr. Kohler suffered compensatory and special damages as defined under federal common law and in an amount to be determined by jury.

27.     Punitive damages are available against the Defendant for his malicious, willful, wanton, and reckless conduct, and his callous disregard for the rights of Mr. Kohler and are hereby claimed as a matter of federal common law under Smith v. Wade, 461 U.S. 30 (1983).

28.     Plaintiff is entitled to recovery of costs, including reasonable attorneys' fees, under 42 U.S.C. §1988.

### Count II- Battery

29.     The Plaintiff incorporates herein the allegations of paragraphs 1 through 28 above.

30.     The Defendant, without just cause or provocation, committed a battery on the Mr. Kohler in violation of Virginia law, by harmful, unlawful, and

offensive contact to Mr. Kohler by shooting Mr. Kohler proximately resulting in his wrongful death.

## Count III-Va. Code §8.01-50

31. The Plaintiff incorporates herein the allegations of paragraphs 1 through 30 above.

32. Mr. Kohler left behind statutory beneficiaries who are his two minor children in the care and legal custody of Ms. Kohler. Their full names and dates of birth shall be later filed under seal.

33. The Defendant's conduct described in all of the preceding paragraphs amount to wrongful acts and omissions causing the death of Mr. Kohler for purposes of sections 8.01-50 of the Virginia Code.

34. As a direct and proximate result of these wrongful acts and omissions, section 8.01-52 of the Virginia Code provides for the award of the following damages to the Plaintiff estate for its minor children beneficiaries:

> *§ 8.01-52. Amount of damages.*
>
> *The jury or the court, as the case may be, in any such action under § 8.01-50 may award such damages as to it may seem fair and just. The verdict or judgment of the court trying the case without a jury shall include, but may not be limited to, damages for the following:*
>
> *1. Sorrow, mental anguish, and solace which may include society, companionship, comfort, guidance, kindly offices and advice of the decedent;*
>
> *2. Compensation for reasonably expected loss of (i) income of the decedent and (ii) services, protection, care and assistance provided by the decedent;*

**8**

3. *Expenses for the care, treatment and hospitalization of the decedent incident to the injury resulting in death;*

4. *Reasonable funeral expenses; and*

5. *Punitive damages may be recovered for willful or wanton conduct, or such recklessness as evinces a conscious disregard for the safety of others.*

## Damages

The Plaintiff, **ASHLEY BROOKE KOHLER**, as administrator and of the estate of **JONATHEN BLAKE KOHLER**, deceased, prays for a money judgment against the Defendant, **JOHNATHAN RICHARD BROWN**, for compensatory, special, and punitive damages together with costs and disbursements, including reasonable attorneys' fees.  Plaintiff also seeks general relief.  **A JURY TRIAL IS DEMANDED**.


**ASHLEY BROOKE KOHLER,**
**administrator of the estate of**
**JONATHEN BLAKE KOHLER, deceased**

BY:   Timothy W. Hudson, Esq.
      Attorney for the Plaintiff
      131 Eighth Street
      Bristol, Tennessee 37620
      (423) 968-3106
      (423) 968-2108 (fax)
      VSB No: 22929
      tim@timhudsonlaw.com

9